UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM MARTIN TEZAK,

Plaintiff,

v.

LEONARD JOSEPH LACASSE, et al,

Defendants.

No.  2:25-cv-3442 DJC AC (PS)

ORDER and

FINDINGS AND RECOMMENDATIONS

On November 26, 2025, plaintiff filed this action in pro se and paid the filing fee.  ECF No. 1.  Pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Multiple defendants moved to dismiss.  ECF Nos. 5, 6, 10.  Plaintiff responded by filing a First Amended Complaint, ECF No. 15, rendering the initial round of motions moot.

Defendants then moved to dismiss the First Amended Complaint for lack of federal jurisdiction and failure to state a claim.  ECF Nos. 17 (motion by the "Judicial Defendants"[1]) , 19

[1] Honorable Laurie M. Earl, Administrative Presiding Justice for the California Court of Appeal, Third Appellate District; the Honorable Ronald B. Robie, Associate Justice of the California Court of Appeal, Third Appellate District; the Honorable Mark R. Nareau, Presiding Judge of the Superior Court of California, County of Lassen; the Honorable Leonard J. LaCasse, Judge of the Superior Court of California, County of Mendocino (Ret.); the Honorable Douglas M. Prouty, Presiding Judge of the Superior Court of California, County of Plumas; Collete M. Bruggman, Clerk/Executive Officer of the California Court of Appeal, Third Appellate District; Olivia Warnock, Supervising Deputy Clerk of the California Court of Appeal, Third Appellate District; and the Judicial Council of California

1

(motion by defendants Frank Marino and Debora Marino, and 23 (motion by defendant Rebecca Fink, escrow officer).  Plaintiff filed a motion to consolidate his response briefing, taking issue with the fact that the motions to dismiss addressed multiple bases for dismissal, and asked to file a 75-page overlength response brief.  ECF No. 25.  Plaintiff filed a 96-page consolidated opposition to all motions to dismiss.  ECF No. 24.  Defendants filed reply briefing (ECF Nos. 26, 27) and plaintiff moved for leave to file a surreply.  ECF No. 29.

Plaintiff's motion to file a consolidated overlength opposition (No. 25) is GRANTED and the opposition filed at ECF No. 24 has been fully considered.  Plaintiff's motion to file a surreply (ECF No. 29) is DENIED for lack of good cause.

Because it is clear from the face of the operative First Amended Complaint ("FAC") that the court lacks subject matter jurisdiction over this case and that plaintiff cannot state a claim upon which relief can be granted, the motions to dismiss should be GRANTED and this case should be dismissed its entirety without leave to amend.

## I.    Background

The operative 248-page First Amended Complaint sues various judges and court staff of the Lassen Superior Cour and the California Court of Appeal, the Judicial Counsel of California, the law firm Peters, Habib, McKenna, Juh-Rhodes & Cardoza, attorneys Mark Habib, Chance Hansen, and Peter Talia, and private individuals David Wayne Tezak, Frank Antonio Mariano, Debora Kay Mariano, Larry Smith, Steven Paul Pezzullo, and Rebbecca (incorrectly sued as "Bekki") Fink.  ECF No. 15 at 1-11.  Plaintiff identifies at least 26 causes of action falling into three categories: alleged criminal violations (count 2), civil constitutional violations brought pursuant to 42 U.S.C. § 1983 (counts 1, 3-15), and state law claims (counts 16-26).  Id at 12-15.  Each cause of action arises from an underlying state court quiet title action filed to establish ownership over real properties in Lassen County.  Id. at 30.

Plaintiff alleges he has been the owner of subject real properties since 2016, because he acquired title by adverse possession in accordance with state law.  Id. at 38.  Defendants Antonio and Debora Mariano have made claims to the property that plaintiff alleges cloud his title.  Id. According to the FAC, the Judicial Defendants conspired with all other defendants to fraudulently

order the forced transfer of plaintiff' properties through a manipulated short sale in violation of criminal law.  Id. at 27.  The underlying quiet title action at issue was filed in Lassen County Superior Court to "quiet title and establish existing ownership of subject properties within Lassen County after three of the deceased principal partners died of natural causes leaving the real property unmarketable without clear title of public interest."  Id. at 30.  All of the defendants named were involved in the underlying quiet title action, and the claims against them stem from their involvement in that action.  Id. at 46-56.  Plaintiff filed multiple appeals the outcome of the quiet title action and, pursuant to his First Amended Complaint, the Court of Appeal "acting without jurisdiction, arbitrarily, capriciously and whimsically ordered dismissal" of plaintiff's appeals.  Id. at 98.

Plaintiff seeks injunctive relief including a ruling that "[p]rocured judicial orders through constructive and extrinsic fraud upon the court [are] void or voidable ab initio," that defendants be ordered to "[c]ease enforcement of all orders and judgments obtained through fraud or constitutional violations," and that this court "[v]acate, expunge and nullify all void judicial acts and derivative enforcement measures."  Id. at 245.  Plaintiff also seeks compensatory and special damages, as well as punitive damages.  Id. at 246.

## II.    Analysis

This case cannot proceed because it is barred by the Eleventh Amendment and the Rooker-Feldman doctrine.  Additionally, the First Amended Complaint must be dismissed because it fails to state any claim upon which relief can be granted.

### A. Legal Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1)

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994).  A motion to dismiss pursuant to Rule 12(b)(1) seeks dismissal for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists.  See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995). "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  Here, defendants advance a facial attack.  A facial

3

attack "asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint." Id.  The undersigned agrees that this court lacks jurisdiction for several reasons.

B. The Eleventh Amendment Bars This Case against the Judicial Defendants

The judicial defendants assert sovereign immunity under the Eleventh Amendment.  An Eleventh Amendment defense presents a quasi-jurisdictional question.  Edelman v. Jordan, 415 U.S. 651, 677-678 (1974); see also Sato v. Orange County Dept. of Educ., 861 F.3d 923, 927 n.2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion").  "The Eleventh Amendment bars individuals from bringing lawsuits against a state for money damages or other retrospective relief." Arizona Students' Ass'n v. Arizona Bd. of Regents, 824 F.3d 858, 864 (9th Cir. 2016); see also Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").[2]  "State officials sued in their official capacities are generally entitled to Eleventh Amendment immunity." Lund v. Cowan, 5 F.4th 964, 969 (9th Cir. 2021).  The Eleventh Amendment applies to state court judges.  See id. ("The Eleventh Amendment thus applies to Judge Cowan, who serves as a state court judge and is being sued in his official capacity."); see also Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment."); Adams v. Comm. on Jud. Conduct & Disability, 165 F. Supp. 3d 911, 918 (N.D. Cal. 2016) (holding that the Eleventh Amendment bars suit against state entity the Judicial Council).

Here, the FAC makes clear that plaintiff is suing the Judicial Defendants exclusively for actions taken in connection with the adjudication of his state quiet title case.  ECF No. 15 at 27-181.  The Eleventh Amendment precludes a district court from asserting jurisdiction over claims

_____

[2]  To the extent if any that plaintiff sues the judicial defendants in their individual capacities, judges and court staff are entitled to absolute immunity under the common law rather than the Eleventh Amendment.  See Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001); Stahl v. Klotz, 440 F. Supp. 3d 1113, 1119 (E.D. Cal. 2020) (citing Howard v. Drapkin, 222 Cal. App. 3d 843, 852 (1990)).

4

against state officials who are sued in their official capacities.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1988).  When a state official is sued in his or her individual capacity, the Eleventh Amendment applies if the official "can show that the action is in essence one for recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir. 1997), amended by 127 F.3d 1135 (9th Cir. 1997) (internal quotation marks omitted).  The judicial defendants note that the California Rules of Court provide that the State of California, through the Judicial Council of California, offers representation, defense, and indemnification of judicial officers.  See Cal. Rules of Court, rule 10.202(b); Cal. Const., Art. VI, § 6(d); see also Cal. Gov Code, § 811.9.  ECF No. 17 at 10.  This showing satisfies the undersigned that plaintiff's damages claims against the judges seek recovery of monies from the state and thus implicate the Eleventh Amendment.

Plaintiff cites Ex Parte Young, 209 U.S. 123 (1908), to argue that the Eleventh Amendment is inapplicable to his case.  ECF No. 24 at 89.  Ex Parte Young recognizes an exception to the Eleventh Amendment where a plaintiff seeks prospective injunctive relief to end ongoing violation of federal law; it permits injunctions which prevent the ongoing state enforcement of facially unconstitutional state laws.  This doctrine does not apply here because plaintiff seeks retrospective relief, such as vacating purportedly void state court orders.  Munoz v. Superior Court of Los Angeles, 91 F.4th 977, 981 (2024); ECF No. 15 at 245.  Further, Ex Parte Young "does not normally permit federal courts to issue injunctions against state-court judges or clerks."  Whole Woman's Health v. Jackson, 595 U.S. 30, 39 (2021).  For these reasons, all claims against the judicial defendants are barred by the Eleventh Amendment.

C.  The Rooker-Feldman Doctrine Bars This Case

The FAC is also barred by the Rooker-Feldman doctrine[3] because each of plaintiff's claims against each defendant relates directly to the decisions of the superior court and state court of appeals in the underlying quiet title litigation.  "The United States District Court, as a court of

---

[3]  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings." Worldwide Church of God v. McNair, et al., 805 F.2d 888, 890 (9th Cir. 1986). In other words, district courts "may not exercise appellate jurisdiction over state courts[.]" Id. (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923)). Plaintiff's claims are barred under Rooker-Feldman because they are "inextricably intertwined" with the underlying state court decisions. McNair, 805 F.2d at 891-92; District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983) (if the claims plaintiff "presented to a United States district court are inextricably intertwined with the state court's denial in a judicial proceeding . . . then the district court is in essence being called upon to review the state court decision.")

To determine if the Rooker-Feldman doctrine bars a case, the court must first determine if the federal action contains a forbidden de facto appeal of a state court judicial decision. Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the Rooker-Feldman inquiry ends." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel, 341 F.3d at 1158; see also Bell, 709 F.3d at 897 ("The 'inextricably intertwined' language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the Rooker-Feldman analysis."). A complaint is a "de facto appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel, 341 F.3d at 1163. To determine whether federal claims are "inextricably intertwined" with state court rulings, district courts evaluate whether "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003). If so, then the district court lacks subject matter jurisdiction. Id.

As to the Judicial Defendants, plaintiff demands declaratory and injunctive relief, as well as monetary damages, based on claims that the Judicial Defendants issued improper rulings in

6

state court litigation.  For example, plaintiff seeks a declaration that the dismissal of his quiet title action was "unconstitutional and void" and that Judge LaCasse's order striking plaintiff's challenge under California Code of Civil Procedure section 170.1 was void and violated plaintiff's constitutional rights.  ECF 15 at 114-117, 245-246.  Additionally, plaintiff seeks an injunction reinstating the appeals which the California Court of Appeal dismissed.  Id. at 190, 245-246.[4]  Plaintiff argues that Rooker-Feldman does not bar this case because he does not seek to overturn a state court judgment (ECF No. 24 at 4-5, 9-10), but this statement is belied by the actual contents of the FAC, which expressly asks this court to void state court rulings.  ECF No. 14 at 245-246.  In order for this court to award plaintiff the relief he seeks, it would need to review these state court rulings and dismissals and conclude that the judicial officers erred.  This court is precluded by Rooker-Feldman from undertaking such a review.

As to the Mariano defendants, plaintiff alleges in a conclusory fashion that: (1) the Marinos did not have title to the real property subject to the state court action (ECF 15 at ¶ 47); (2) the Marinos did not have standing in the state court action (id. at ¶ 49); (3) Judge LaCasse "permitted MARINOS… to advance a coordinated conspiracy to defraud Plaintiff o his real property interest" (id. at ¶ 183); (4) the Marinos engaged in a conspiracy by filing demurrers, motions, oppositions, and proposed orders (id. at ¶¶ 190-191); (5) the Marinos "conspired with judicial officers… to preside over… to carry out judicial fraud, filed frivolous motions… and otherwise manipulate court processes…" (id. at ¶ 193); and (6) conspired with their attorneys and other non-state actors in the state court litigation (id. at ¶ 254).  Again, in order for this court to adjudicate these claims it would need to review the identified state court proceedings, dismissals, and other rulings and conclude that the judicial officers erred.  This is precisely the sort of de facto appeal that Rooker-Feldman forbids.

---

[4] To the extent plaintiff is suggesting that what he seeks is not a Rooker-Feldman barred reversal of state court judgments, but rather a federal court order that the state courts reopen the cases and reach a different conclusion themselves, relief is also unavailable.  "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."  Clark v. State of Washington, 366 F.2d 678, 681 (1966) (citations omitted); see also Demos v. U.S. Dist. Court for the E. Dist. Wash., 925 F.2d 1160, 1161 (9th Cir. 1991).

7

Though the other defendants do not raise the Rooker-Feldman doctrine, it is plain on the face of the First Amended Complaint that all of plaintiff's allegations against all defendants are tied directly to the underlying quiet-title lawsuit. Adjudicating any of plaintiff's claims would necessarily require the court to engage in a re-litigation of state court decisions. Accordingly, Rooker-Feldman bars this case in its entirety.

C. Failure to State a Claim Upon Which Relief Can Be Granted

To the extent that any of plaintiff's claims were not barred by the Eleventh Amendment or the Rooker-Feldman doctrine, they still cannot proceed because they fail to state a claim upon which relief can be granted and must be dismissed. The Federal Rules of Civil Procedure provide for a motion to dismiss for failure to state a claim if the facts plaintiff has pled do not result in a cognizable claim. Fed. R. Civ. P. 12(b)(6). To survive a motion brought under Rule 12(b)(6), plaintiff must allege more than "naked assertion[s]" or "labels and conclusions" but provide facts to support the elements of the cause of action. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In addition, the claim must have facial plausibility, which occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted); Bell Atlantic Corp, 550 U.S. at 570 (complaint must allege "enough facts to state a claim to relief that is plausible on its face").

When evaluating the merits of a Rule 12(b)(6) motion to dismiss, the court must accept the allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff. Papasan v. Allain, 478 U.S. 265, 283 (1986) ("Construing these facts and relevant facts obtained from the public record in the light most favorable to the petitioners, we must ascertain whether they state a claim on which relief could be granted."). When evaluating complaints from pro se litigants, pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Although the complaint should be construed liberally for the benefit of the pro se plaintiff, the court may not supply essential elements of a claim which were not contained in the pleading. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

There are many problems with the claims in the FAC that prevent this case from moving forward.  First, plaintiff's second cause of action seeks "prospective declaratory judgment" for nine separate criminal law violations.  ECF No. 15 at 12-13.  A citizen does not have authority to bring criminal charges.  "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch."  Clinton v. Jones, 520 U.S. 681, 718 (1997).  Criminal laws do not provide any private right of action for damages.  Couching allegations that defendants violated criminal laws as a request for declaratory judgment does not alter the fact that plaintiff is seeking relief for violations of criminal law, which he has no authority to do.  Accordingly, these claims must be dismissed.

Second, plaintiff's first, and third through fifteenth causes of action seek relief under 42 U.S.C. § 1983 for constitutional violations against individuals to whom this statute does not apply.  In general, rights secured by the Constitution are protected only against infringements by the government, and individuals engaged in private action cannot be sued for constitutional violations under 42 U.S.C. § 1983.  Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982).  There are certain limited circumstances in which a litigant may seek damages under 42 U.S.C. § 1983 from a private party based on a violation of a constitutional right: § 1983 liability "extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States."  Brunette v. Humane Society of Ventura County, 294 F.3d 1205, 1209 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Aug. 23, 2002).  "Whether a private party engaged in state action is a highly factual question."  Id.  There are three tests the court may look to in order to make a determination: (1) the "joint action test," which examines whether private actors are willful participants in joint action with the government or its agents; (2) the "symbolic relationship test," which asks whether the government has so far insinuated itself into a position of interdependence with a private entity that the private entity must be recognized as a joint participant in the challenged activity; and (3) the "public functions test," which inquires whether the private actor performs functions traditionally and exclusively reserved to the States.  Id. at 1211.

Here the named private defendants (attorney defendants Habib, Hansen, Talia, private individuals David Wayne Tezak, Frank Mariano and Deborah Mariano, private real estate/escrow professionals Smith, Pezzullo, and Fink, and private law firm law firm Peters, Habib, McKenna, Juhl-Rhodes & Cardoza) are not subject to suit under § 1983.  While plaintiff makes conclusory and broad allegations of conspiracy between the private defendants and the judicial defendants, the allegations fall far short of demonstrating that these defendants were engaged in state action. Indeed, the FAC itself makes clear that they were participating in state litigation in their private capacities.   Accordingly, plaintiff's §1983 claims against all private defendants fail as a matter of law.

The claims against the non-private Judicial Defendants, including court staff and the Judicial Council, fail because those defendants are entitled to judicial immunity, as noted above. "Anglo–American common law has long recognized judicial immunity, a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.' This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is "flawed by the commission of grave procedural errors." In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002) (internal citations omitted).  Plaintiff's claims against the court clerks and the Judicial Council are also barred because "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1390 (9th Cir. 1987) (nothing that quasi-judicial immunity applies to clerks); Adams, 165 F. Supp. 3d at 918 (applying judicial immunity to the Judicial Council).

Third, plaintiff's remaining claims, causes of action sixteen through twenty-six, are state law causes of action.  While federal courts exercise "supplemental jurisdiction" over state claims when there is also a federal claim in the case that gives rise to the court's federal jurisdiction, if all federal claims are dismissed, the court may decline supplemental jurisdiction over remaining state claims. 28 U.S.C.A. § 1367(a) and (c).  In general, "when federal claims are dismissed before trial ... pendent state claims should also be dismissed." Religious Tech. Ctr. v.

10

Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992).  Here, it is clear that there are no federal claims that can survive, and the court should not exercise supplemental jurisdiction.  For all of these reasons, this case must be dismissed.

### III. Leave to Amend Is Not Appropriate

Plaintiff's FAC is fatally flawed because its claims are barred by the Eleventh Amendment and the Rooker-Feldman doctrine, and plaintiff does not state any claim upon which relief can be granted.  No amendment can remedy the identified defects.  Though a pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment, that step is not appropriate where, as here, the defects cannot be cured.  Noll, supra, 809 F.2d at 1448.

### IV. Pro Se Plaintiff's Summary

Your motion to file a consolidated overlength opposition to defendants' motions is being granted and the court has considered your full opposition.  However, it is being recommended that your case be dismissed because federal courts do not have the power to undo state court rulings, and because the Eleventh Amendment of the U.S. Constitution prevents people from suing state actors such as state court judges acting in their official capacity in federal court.  Additionally, your case cannot move forward because many of the defendants you named are not subject to suit under §1983, and you cannot bring criminal claims in civil litigation.  If you disagree with these recommendations, you may file objections within 21 days.  The District Judge will make the final decision.

### V.  Conclusion

It is hereby ORDERED that the motions to dismiss at ECF Nos. 5, 6, and 10 are DENIED as MOOT.  Plaintiff's motion to consolidate his opposition in an overlength brief (ECF No. 25) is GRANTED.  Plaintiff's motion for leave to file a surreply (ECF No. 29) is DENIED.

Further, it is RECOMMENDED that the motions to dismiss at ECF Nos. 17, 19, and 23 be GRANTED, that this case be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days

11

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 20, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE